LUCINDA C. SIGLER, by next friend, *et al. v.* R. M. VAUGHAN *et al.*

LIMITATION. *Heirs. Administrators.* Section 3119 of Code protects heirs and distributees as well as personal representatives. It extinguishes the right to proceed against the estate of a decedent after the expiration of seven years from his death in all cases to which its terms are applicable.

FROM SHELBY.

Appeal from the Chancery Court at Memphis. W. W. McDOWELL, Ch.

ESTES & ELLETT, CRAFT & COOPER, L. & E. LEHMAN and R. J. MORGAN for complainants.

HUMES & POSTON for defendants.

WILSON, Sp. J., delivered the opinion of the court.

This case presents a single question of law, raised by the demurrer of defendants, Tucker and wife and Liddon and wife, to the original and amended bills of complainants. The demurrer was overruled in the court below, and by permission an appeal was taken from this action of the court. The Referees report that the chancellor was in error in overruling the demurrer, and recommend that his action be reversed and the bills be dismissed as to the demurrants, and complainants have excepted to their report.

It appears from the allegations of the bill, that Isaac L. Bolton died testate in 1864. One Cash qualified as administrator with the will annexed in

June, 1865, and took charge of the property of the estate. Doubts being entertained as to the regularity of his appointment and qualification, he gave, on July 3, 1865, a new bond in the penalty of $150,000' with John Harding and others as sureties thereon. It seems that new letters of administration issued to him, dated July 8, 1865.

Cash made several settlements, but in July, 1867, the county court refused to extend the time for a settlement of the estate, and directed him, after retaining his own compensation, and about $4,000 to pay debts, to distribute the remainder in his hands.

Failing to obey this order, Mrs. Sigler, the present complainant, and her husband, on February 12, 1869, filed a bill against Cash and the other legatees and devisees of Isaac L. Bolton for a settlement of the estate. Cash died in 1870, and there was a revivor against his administrator, and complainants, Mrs. Sigler and husband and the legatees and devisees of the estate recovered, on January 14, 1880, a decree which, as to Mrs. Sigler, was settled upon her to her sole and separate use. To this suit none of the sureties on the administration bond of Cash were made defendants. In the meantime, to-wit, in 1871, John Harding, one of the sureties on Cash's bond, died testate. By his will he gave his property to his wife, now the defendant Cynthia A. Tucker, and to his daughter, the defendant Fannie A. Liddon. His wife was made executrix, and she qualified on November 6, 1871. The estate was divided between her and her daughter. The estate being settled, she

was discharged as executrix by the county court, in July, 1875. According to the allegation of the bill they received respectively and held the real estate devised to them, or else have sold the same and received the proceeds, and are chargeable therewith.

The bill was not filed against them until July 19, 1880. As stated, neither Harding, nor the representative of his estate, was sued in the bill filed against Cash, administrator, on February 12, 1869, nor in any other suit on his bond.

Neither is Mrs. Tucker, formerly Mrs. Harding, sued as administrator or executrix of Harding in this suit. It is simply to hold Mrs. Tucker and Mrs. Liddon liable, as devisees and legatees of Harding, to the extent of the property received by them.

The demurrer of Tucker and wife and Liddon and wife raises the question of their liability as devisees and legatees, without suit against Harding or his personal representative, and also the question of the bar of the statutes of limitation of seven years in favor of the representatives and heirs of decedents, the bill showing on its face that more than seven years had passed since the death of John Harding, and since the cause of action had accrued.

To meet and remove the objections presented by the demurrer, complainants filed an amended bill on October 13, 1880. After repeating the allegations of the original bill, the amended bill charges that Cash suggested the insolvency of the estate of Isaac L. Bolton on September 9, 1869, and filed a bill in the chancery court transferring the administration to that

Sigler *v.* Vaughan.

court; that an injunction issued as to the Sigler suit against Cash, but that it was afterward dissolved or so modified as to permit Sigler and wife to prosecute any suits of Mrs. Sigler as widow of Isaac L. Bolton. It further charges that this suit was still pending, and the injunction still technically in force, but that it has not been prosecuted, and is practically abandoned, and should be dismissed.

The suit against Cash, and the injunctions issued therein, are given as the reasons why complainants did not and could not bring this suit sooner.

The demurrer was filed to the original and amended bills, and the question is, Does the demurrer present a good defense?

We think so. It is contended by the learned counsel of complainants that his suit is taken out of the operation of the statutes of limitation by section 3450 of the Code (M. & V.) It is settled that this section only applies to parties to the suit, and does not prevent the running of the statute in favor of third persons: 10 Lea, 78.

We are unable to see how complainants can proceed in this case aside from the bar of the statute.

Has any cause of action accrued against the defendants? We think not. It is settled that no cause of action accrues in favor of a creditor against the heir until judgment against the personal representative and exhaustion of assets: 1 Lea, 150; Peck, 281. At least where there was no obstacle to suit against the personal representative.

But section 3119 of the Code (M. & V.) protects

heirs and distributees, as well as personal representatives. It extinguishes the right to proceed against the estate of a decedent after the expiration of seven years from his death in all cases to which its terms are applicable.

They are applicable to the facts of this case. There was nothing to prevent a suit by these complainants against these parties within seven years after the death of John Harding. There was nothing to prevent a suit against his personal representative. There was nothing to prevent complainants from making Harding, his personal representative, or these defendants, defendants to the original suit against Cash and his representative.

The report of the Referees is correct, and the decree of the chancellor overruling the demurrer is reversed, and the bill will be dismissed as to demurrants, Tucker and wife and Liddon and wife, with the costs of the appeal to this court and the costs of the court below incident to making them parties.